71,075-03

Derek Wayne Montez #1434316
Allred Unit
2101 FM 369 N.
Iowa Park, Texas 76367

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 24 2015

Abel Acosta, Clerk

July 17, 2015

Abel Acosta, Clerk
Court Criminal Appeals of Texas
P.O. Box 12308, Capitol Station
Austin, Texas 78711

This document contains some
pages that are of poor quality
at the time of imaging.

Tr. Ct. No. W-18139-C-2
WR-71,075-03

Dear Clerk:

    Enclosed please find the court's copy of Supplement Brief In
Support Of Subsequent Application For Writ of Habeas Corpus.

    Thank you for your attention to this matter.

                                        Sincerely,
                                        Derek Wayne Montez
                                        Applicant/Pro se

No. W-18,139-C-2

EX PARTE

DEREK WAYNE MONTEZ

TDCJ #1434316

§
§
§

IN THE 251ST DISTRICT COURT

IN AND FOR

RANDALL COUNTY, TEXAS

## SUPPLEMENT BRIEF IN SUPPORT OF SUBSEQUENT APPLICATION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

IN THE INTEREST OF JUSTICE, COMES NOW, Derek Wayne Montez, Applicant by and through Pro se and files this Supplement Brief In Support of Subsequent Application For Writ of Habeas Corpus pursuant to Rules of Appellate Procedure 73.4(4). Hereafter the letters SX refer to State's Exhibits #17 and #19. The letters AX refer to Applicant's Exhibits. Both SX and AX are attached to Applicant's instant Subsequent Brief. The letters RR followed by volume and page number refer to the Reporter's Record of the punishment and sentencing phase of jury trial.

## I.
## APPLICANT'S SUPPLEMENT
## "ILLEGAL SENTENCE"

### The claim

Applicant asserts a supplement illegal sentence based on improper enhancements.

### Applicable law

Under Article 11.07 of the Texas Code of Criminal Procedure post conviction habeas relief is available for claims involving jurisdictional defects and violations of fundamental or constitutional rights. See Ex parte McCain, 67 S.W.3d 204, 210 (Tex. Crim. App. 2002).

This court has long held "that a claim of an illegal sentence is cognizable on a writ of habeas corpus." Mizell v. state, 119 S.W. 3d 804, 806 (Tex. Crim. App. 2003); Ex parte Pena, 71 S.W. 3d at 336-37; Ex parte Beck, 922 S.W. 2d 181, 182 (Tex. Crim. App. 1996); Ex parte Mc Iver, 586 S.W. 2d 851, 854 (Tex. Crim. App. 1979).

## SUPPORTING FACTS

The non-Finality of applicant's prior probated sentences used to enhance applicant's punishment did not become known until applicant obtained certified copies of the ORDER REVOKING PROBATION in Cause No. B-23,360 dated: 6-19-14 see (AX-5); and Cause No. 42,803-A dated: 2-3-15 see (AX-8). This court has held that "a sentence which is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal." Mizell, 119 S.W. 3d at 806. The mischaracterization of both prior convictions in the indictment (AX-10); and the mischaracterization of (State's Exhibits #17 and #19) resulted in applicant being sentenced in violation of the law.

Applicant was punished by a jury to a term of 30 years enhanced, for robbery (AX-11). When at minimum could have recieved 2 years and the maximum legal sentence was 20 years for a second degree felony. The record affirmatively shows that the "ORDER REVOKING PROBATION" in both prior felony convictions used for enhancement were not made part of the record, so any review of the record would not have uncovered their existence showing that applicant's sentence was illegal, it is apropriate for applicant to challenge it by writ of habeas corpus. Habeas Corpus is an extraordinary remedy, this is an extraordinary situation. Applicant's current

2

sentence of 30 years enhanced exceed statutory maximum and is unlawful. Applicant has served over 9 years of this improperly enhanced sentence, and applicant has no other means of obtaining relief. Caselaw makes it clear that applicant can seek relief by direct appeal or writ of habeas corpus because "a defect which renders a sentence void may be raised at any time." Ex parte Beck, 922 S.W. 2d at 182.(citing Heath v. State, 817 S.W. 2d 335, 336 (Tex. Crim. App. 1991)(opinion on original submission); see also Ex parte McIver, 586 S.W. 2d at 854; Ex parte Harris, 495 S.W. 2d 231, 232 (Tex. Crim. App. 1973). In fact, " there has never been anything in Texas law that prevented any court with jurisdiction over a criminal case from noticing and correcting an illegal sentence," no matter when or how the relief was sought. Mizell, 119 S.W. 3d at 806. Applicant has suffered harm because the improper enhancement of his sentence resulted in punishment beyond the statutory maximum.

## MISCHARACTERIZED INDICMENT ENHANCEMENT PARAGRAPHS

Before the commission of the offense alleged above, hereafter styled the primary offense, on February 27, 1995, in Cause No. B-23,360, in the 161st District Court of Ector County, Texas, the defendant was convicted of the felony of Unauthorized Use of a Motor Vehicle.

Before the commission of the primary offense, and after the conviction in Cause No. B-23,360 was final, the defendant committed the felony of Burglary of a Habitation and was convicted on June 7, 2001, in Cause No. 42,803-A in the 47th District Court in and for Potter County, Texas.

see (AX-10).

3

It is well settled "that a probated sentence is not a final conviction for enhancement purposes unless it is revoked." Ex parte Langley, 833 S.W. 2d 141 (Tex. Cr. App. 1992); Ex parte Murchison, 560 S.W. 2d 654, 656 (Tex. Crim. App. 1978). "A prior felony conviction becomes final the date probation is revoked. See Colvin v. State, 54 S.W. 3d 82, 87 n. 1 (Tex. App. - Texarkana 2001 no pet.) (noting the date a prior conviction becomes final is the date community supervision is revoked)."

## MISCHARACTERIZED PROBATED SENTENCES USED FOR ENHANCEMENT

Applicant refers the court to two pen packets introduced at his trial. See (SX #17 and #19). Both packets contain a judgement that shows a probated sentence. Neither contains an ORDER REVOKING PROBATION. Neither pen packet contains the "dates" applicant's prior probated sentences were revoked and became final for enhancement purposes. (See Colvin). This courts precedents in (Langley and Murchison) has held "that a probated sentence is not a final conviction for enhancement purposes unless it is revoked." Nothing in (state's exhibits #17 and #19) TDCJ photos and fingerprint cards proved that applicant's probation was revoked and became final for enhancement punishment.

## THE INDICTMENT AND PROBATED ENHANCEMENTS ARE IMPROPER

Applicant submits to the court a certified copy of the ORDER REVOKING PROBATION dated June 19, 2014 in Cause No. B-23,360 out of Ector County, Texas proof that Applicant's probation was revoked and became final on March 1, 1995 (AX-5). The error in the indictment alleges that Applicant's conviction became final on February 27, 1995 out of Ector County, Texas (AX-10). However, the Ector County, Texas conviction became final on March 1, 1995 the date applicant's community supervision was

4

revoked (AX-5). (See Colvin v. State, cited above). The jury could not have determined that applicant's prior conviction became final on February 27, 1995 in Cause No. B-23,360 out of Ector County, Texas (AX-10) because Applicant has submitted proof that his probation was revoked and became final on March 1, 1995 in Cause No. B-23,360 out of Ector County, Texas (AX-5). Thus, precluding use of that conviction for enhancement. Furthermore, nothing in (State's Exhibit #19) proves applicant's probation was revoked and became final on March 1, 1995 the date applicant's community supervison was revoked. There is no proof in the trial record that Applicant's probation was revoked on March 1, 1995 in Cause No. B-23,360 out of Ector County, Texas (RR 4:14-15).

Likewise, Applicant submits to the court a certified copy dated February 3, 2015 of the ORDER REVOKING PROBATION in Cause No. 42,803-A out of Potter County, Texas proof that Applicant's probation was revoked and became final on June 7, 2001 (AX-8). Nothing in (State's Exhibit #17) proved Applicant's probation was revoked and became final on June 7, 2001 (SX #17). Nothing in the trial record proved applicant's probation was revoked and became final on June 7, 2001 (RR 4:10-13). (See Colvin v. State, above). Therefore, the jury could not have determined that applicant's prior conviction became final on June 7, 2001 in Cause No. 42,803-A out of Potter County, Texas as alleged in the indictment (AX-10). Thus, precluding use of that conviction for enhancement.

Finally, Applicant's counseled plea of "true" to both enhancement paragraphs did not waive Applicant's right to challenge legality of his enhanced sentence. Despite the general rule that a plea of true to an enhancement paragraph relieves the state of its burden to prove

5

a prior conviction alleged for enhancement and forfeits the defendant's right to appeal the insufficiency of evidence to prove the prior conviction, there is an exception when the record affirmatively reflects that the enhancement is itself improper. Ex parte Rich, 194 S.W. 3d 508 (Tex. Crim. App. 2006). This exception originated in Sanders v. State, 785 S.W. 2d 445, 448 (Tex. App. San Antonio 1990 no pet.). Applicant entered a counseled plea of "true" to enhancement paragraph number one that his conviction was final on February 27, 1995 in Cause No. B-23,360 out of Ector County, Texas (RR 4:2). Applicant asserts the Sanders exception that "the record affirmatively reflects" that the enhancement is improper (AX-10). Applicant's certified copy of the ORDER REVOKING PROBATION dated June 19, 2014 in Cause No. B-23,360 out of Ector County, Texas is documentary evidence that Applicant's probation was revoked and became final on March 1, 1995 (AX-5). Despite applicant's counseled plea of true to the Unauthorized Use of a Motor Vehicle out of Ector County, Texas in the indictment (AX-10); this conviction could not be used to sentence Applicant as a habitual offender because "the record affirmatively reflects" there is no evidence in (State's Exhibit #19) that Applicant's conviction became final on March 1, 1995 the date Applicant's probation was revoked in Cause No. B-23,360 out of Ector County, Texas (SX #19). (See Colvin v. State, above).

"The record affirmatively reflects" there is no evidence in the trial record that Applicant's probation was revoked and became final on March 1, 1995 in Cause No. B-23,360 out of Ector County, Texas (RR 4:14-15) as required by Tex. Pen. Code Ann § 12.42 (d) as a matter of law.

Likewise, Applicant entered a counseled plea of "true" to enhancement paragraph number two that his conviction was final on June 7, 2001

6.

in Cause No. 42,803-A out of Potter County, Texas (RR 4:2). Applicant reasserts the Sanders exception "that the record affirmatively reflects" that the second enhancement is improper. Applicant's certified copy of the ORDER REVOKING PROBATION dated February 3, 2015 in Cause No. 42,803-A out of Potter County, Texas is documentary evidence that Applicant's probation was revoked and became final on June 7, 2001 (AX-8). Despite Applicant's counseled plea of true to the Burglary of a Habitation out of Potter County, Texas in the indictment (AX-10); this conviction could not be used to sentence Applicant as a habitual offender because "the record affirmatively reflects" there is no evidence in (State's Exhibit #17) that Applicant's conviction became final on June 7, 2001 the date applicant's probation was revoked in Cause No. 42,803-A out of Potter County, Texas (SX#17). (See Colvin v. State, above). "The record affirmatively reflects" there is no evidence in the trial record that Applicant's probation was revoked and became final on June 7, 2001 in Cause No. 42,803-A out of Potter County, Texas (RR 4:11-13) as required by Tex. Pen. Code Ann § 12.42 (d) as a matter of law. "The record affirmatively reflects" both enhancement paragraphs were mischaracterized in the indictment (AX-10) and mischaracterization of the pen packets (SX#17 and SX#19) resulted in an illegal sentence far outside the statutory range of punishment.

The Fourteenth Court of Appeals also noted that another (420 S.W. 3d 839) court of appeals, in the unpublished opinion of Cruz v. State, No. 01-00-00463-CR, 2001 Tex. App. LEXIS 6654, 2001 WL 1168273, at *1 (Tex. App. - Houston [1st Dist.] Oct. 4, 2001, no pet.), expanded the Sanders exception, applying it not only to cases in which a non-final conviction was improperly used to enhance punishment, but to any case in which a defendant plead "true" to an enhancement

7

allegation and the record affirmatively reflects that the prior conviction could not have been used for enhancement purposes. Id.

Thus, under Sanders, when a defendant pleads true to an enhancement paragraph, but the record affirmatively reflects that the prior conviction was not final for enhancement purposes, the "interest of justice" requires the reviewing court to consider the error. Applicant's situation falls within this category.

## RELIEF REQUESTED

Applicant is entitled to relief from his illegal sentence by applying this court's precedents and allowing an exception for his plea of true to the improper enhancement paragraphs. In Applicant's case, the allegations of two prior probated felony convictions used for enhancement paragraphs were not final convictions, therefore, not true, It was the indictment and these two improper enhancements that resulted in Applicant's illegal sentence of 30 years, enhanced. In accordance with this court's precedents affording relief from an illegal sentence at any time, and by making an exception that excuses Applicant's plea of true to the enhancement paragraphs Applicant is entitled to relief. The judgement in this case should be vacated, and Applicant should be remanded to the custody of the Sheriff of Randall County to answer the charges set out in the indictment.

Respectfully submitted,
Derek Wayne Montez
Derek Wayne Montez
# 1434316
Allred Unit
2101 FM 369 N,
Iowa Park, Texas
76367

8

## CERTIFICATE OF COMPLIANCE

I, Derek Wayne Montez, Pro se, Applicant do hereby certify that the above Supplemental Brief In Support Of Subsequent Application For Writ of Habeas Corpus complies with Tex. R. App. Pro. #73.

## CERTIFICATE OF SERVICE

I, Derek Wayne Montez, Pro se, Applicant do hereby certify that the Supplement Brief In Support of Subsequent Application For Writ of Habeas Corpus has been served by U.S. Mail on this the 17TH day of July, 2015 addressed to:

Jo Carter
District Clerk - Randall County
2309 Russell Long Blvd., Ste. 110
Canyon, Texas 79015

James A. Farren
Randall County Criminal District Attorney
2309 Russell Long Blvd., Ste. 120
Canyon, Texas 79015

Abel Acosta, Clerk
Court of Criminal Appeals of Texas
P.O. Box 12308, Capitol Station
Austin, Texas 78711

Derek Wayne Montez
Derek Wayne Montez
Pro se, Applicant

9